**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| THOMAS D. TUKA, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL NO. 4:08-MC-00028-RAS-DDB |
| UNITED STATES OF AMERICA and § | |
| the INTERNAL REVENUE § | |
| SERVICE § | |
| § | |
| Respondents. § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On August 25, 2009, the Court held a hearing on Thomas Tuka's Petition to Quash Internal Revenue Service Third Party Summons (Dkt. 5) and Respondent's Motion to Dismiss Petition to Quash Internal Revenue Service Summons (Dkt. 8).  Although he was given and received notice of the hearing, Tuka did not appear.  Counsel for the United States appeared in support of its position here.

In this case, the IRS is apparently investigating Petitioner Thomas D. Tuka's tax liability for the years 2003-2006 because Tuka allegedly failed to file income taxes for those years.  As part if its investigation, the IRS issued a third-party summons to the credit-reporting agency Experian to get documents regarding Tuka's financial transactions.  Tuka, who is proceeding pro se, has now filed a motion to quash the summons.

In response, the United States seeks to dismiss Tuka's Petition to Quash, arguing that it has not been properly served, and that service in accordance with Rule 4 was required within 20 days

of service of the summons. The United States additionally argues that Tuka has failed to satisfy has not satisfied his burden under *United States v. Powell*, 379 U.S. 48, 58 (1964) in showing why the summons should not be enforced.

The Court first examines the United States's argument regarding service of the petition. According to the Internal Revenue Code:

> **(B) Requirement of notice to person summoned and to Secretary.**--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office *as the Secretary may direct in the notice referred* to in subsection (a)(1).

26 U.S.C. § 7906(b)(2)(B) (emphasis added). In sum, Tuka had 20 days after notice of the summons to file a petition to quash and to serve notice of such a petition on the IRS in the manner in which the IRS directed in the notice it sent to Experian. The Government argues that Tuka failed to comply with this provision because he never served the U.S. Attorney's Office or the Attorney General as is required under Rule 4 of the Federal Rules of Civil Procedure (the rule cited by the IRS in its notice) and therefore seeks dismissal of the suit pursuant to Rule 12(b)(1). The Court notes that the rules have been construed to allow a party up to 120 days to comply with Rule 4 prior to dismissal. Therefore, dismissal on this grounds alone may not have been warranted under certain facts. However, in addition to failing to comply with the 20-day statutory deadline, while the United States clearly had *notice* of Tuka's motion, Tuka has not cited to the Court any parts in the record which indicate that he made proper *service* on U.S. Attorney's Office or the Attorney General, even within 120 days of filing the petition to quash. Tuka failed to appear before this Court to show why this

matter should not be dismissed for his failure to properly serve the United States. Therefore, the Court finds that the matter should be dismissed on that basis.

Moreover, the Court finds that even if Tuka were able to show that his failure to formally serve the U.S. Attorney's Office or the Attorney General does not warrant patent dismissal of this case, he still has not demonstrated why the IRS summons should be quashed. In considering the petition to quash the summons, the Court must evaluate whether a *prima facie* case has been established pursuant to the factors articulated by the Supreme Court in *United States v. Powell*, 379 U.S. 48, 85 S. Ct. 248, 13 L. Ed.2d 112 (1964). The *Powell* court stated that in order for the IRS to enforce a summons, it must demonstrate that: (1) the basis for the underlying investigation is legitimate, (2) the inquiry is relevant to that purpose, (3) the IRS does not already possess the information being sought, and (4) the administrative procedures established by the Internal Revenue Code have been adhered to. *Id.* at 58. In *Mazurek v. United States*, the Fifth Circuit recognized that the burden on the United States to establish a *prima facie* case pursuant to the governing *Powell* factors is de minimus, given that, for example, a "simple affidavit" from the IRS agent issuing the summons can suffice. *Mazurek v. United States*, 271 F.3d 226, 231 (5th Cir. 2001). Thus, once the United States successfully establishes a *prima facie* case here, Tuka bears the burden of either refuting the *Powell* factors or demonstrating that the enforcement of the summons would result in an abuse of the court's process. *Id.*; *see also Tilley v. U.S.*, 124 Fed. Appx. 277, 278 (5th Cir. 2005).

In support of its *prima facie* burden in this case, the United States has offered the declaration of Special Agent Matthew Davey who states that the IRS is investigating Tuka's tax liability for the years 2003-2006 so that it may both prepare tax returns for those years and also so that it may

determine whether Tuka committed an offense in connection with the administration or enforcement of the internal revenue laws.  Under the Internal Revenue Code, summons may be issued to a third-party to determine an individual's tax liability and for the purpose of making a return where no return has been filed.  26 U.S.C. § 7602(a).  The Internal Revenue Code also permits the issuance of a third-party summons for "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws."  26 U.S.C. § 7602(b).

Having reviewed the record before it, the Court finds that Tuka has not refuted the *Powell* factors.  Tuka has not shown or argued that the underlying investigation into his tax liability is not legitimate, nor has he shown how the information requested from Experian would not be relevant to the investigation or that the IRS otherwise possesses the information requested.  This Court gave Tuka the opportunity to appear before it and show why the *Powell* factors have not been met or why the enforcement of the summons would otherwise be an abuse of the Court's power.  Tuka did not appear.  Therefore, because Tuka has not satisfied his burden under *Powell* in either his written pleadings or oral argument, the Court finds that, even if this matter is not dismissed for lack of service, his petition to quash should be denied.

### RECOMMENDATION

As set forth above, the Court finds that Petitioner Thomas D. Tuka's Petition to Quash Internal Revenue Service Third Party Summons ("Petition") should be dismissed for lack of subject matter jurisdiction because Tuka failed to properly and timely serve the United States with the Petition and recommends that Respondent United States of America's Motion to Dismiss Petition to Quash Internal Revenue Service Summons Under Rules 12(b)(1), (2) & (5) be GRANTED.

Further, even if the United States had been served properly, the Court finds that Tuka has failed to meet his heavy burden of showing why the IRS summons issued to Experian should not be enforced. Accordingly, the Court recommends that the Petition should be DENIED and DISMISSED with prejudice and that the summons issued to Experian should be enforced and that the IRS should be permitted to examine the documents it received from Experian in response to the summons.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 28th day of August, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE